IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38005

| | | |
|---|---|---|
| IN THE MATTER OF JOHN DOE AND JOHN DOE I, CHILDREN UNDER EIGHTEEN YEARS OF AGE. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | 2010 Unpublished Opinion No. 751 |
| Petitioner-Respondent, | ) ) | Filed: December 22, 2010 |
| v. | ) ) ) | Stephen W. Kenyon, Clerk |
| JOHN (2010-23) DOE II, | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. David C. Epis, Magistrate.

Decree terminating parental rights, affirmed.

Terry S. Ratliff, Elmore County Public Defender, Mountain Home, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mary Jo Beig, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

John Doe II (Doe) appeals from the magistrate's decree terminating his parental rights to his children, A.M. and J.S. Doe argues that the magistrate's decision was not supported by substantial and competent evidence. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Doe was incarcerated for felony driving under the influence (DUI). On October 16, 2007, while Doe was incarcerated, A.M. and J.S. were declared to be in imminent danger when it was determined that they had no custodial parent available to them as both of the children's parents were incarcerated at the time. On October 17, 2007, a petition under the Child Protective Act was filed alleging that the children were abused, abandoned, neglected, homeless, or lacked

1

a stable home environment. The Idaho Department of Health and Welfare (the Department) contacted relatives of the parents but were unable to locate anyone who could care for the children. At a hearing on November 14, 2007, the parties stipulated and the magistrate found that the children came within the jurisdiction of the Child Protective Act due to the parents' inability to provide a stable home environment, and the children were placed in the legal custody of the Department. Doe was ordered to complete the tasks outlined in a case plan, including: providing information about his children as requested, completing a parenting class and demonstrating skills learned during visitation, obtaining his own residence to ensure a safe and stable environment for his children, obtaining and maintaining employment, submitting to a drug and alcohol assessment and completing all recommended treatment, submitting to random urinalysis, and complying with the terms of his parole, including no arrests for criminal activity or behavior.

Doe was released from prison in late October 2007. However, after he was released, Doe failed to complete his case plan. He also failed to comply with the terms of his parole. Doe's parole was revoked and he consequently faced a sentence satisfaction date of October 21, 2017.

On April 10, 2009, the Department filed a petition to terminate parental rights as to both parents. On August 3, 2010, the magistrate entered findings of fact, conclusions of law, and an order terminating Doe's parental rights on the basis of neglect, failure to comply with the court's orders in the Child Protective Act aspect of the case, or to comply with the case plan. The magistrate additionally found Doe unable to discharge his parental duties, that he has been incarcerated and is likely to be incarcerated for a substantial period of time during the children's minority, and it is in the best interests of the children to terminate Doe's parental rights. On August 25, 2010, the magistrate issued a decree terminating Doe's parental rights. Doe appeals the magistrate's determination that termination was in the best interests of the children, arguing that since he received parole and was scheduled to be out of prison on October 22, 2010, the magistrate's conclusion that Doe would be incarcerated for a substantial period during the children's minority is "no longer evident" and he should be reunited with his children.

## II.

## STANDARD OF REVIEW

In an action to terminate parental rights, due process requires this Court to determine if the magistrate's decision was supported by substantial and competent evidence. *State v. Doe*,

2

143 Idaho 343, 345, 144 P.3d 597, 599 (2006). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. at 345-46, 144 P.3d at 599-600. This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe v. Doe*, 148 Idaho 243, 246-47, 220 P.3d 1062, 1064-65 (2009). We conduct an independent review of the record that was before the magistrate. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## DISCUSSION

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). *See also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." I.C. § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id*. Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. The court may also terminate parental rights if it finds that termination is in the best interest of the parent and child. I.C. § 16-2005(3).

In this case, the magistrate determined that termination was in the best interests of the children, that the children had been neglected, that Doe had been incarcerated and was likely to remain incarcerated for a substantial period of time during the children's minority, and that given all of the circumstances it is extremely remote that the family can ever be reunited.

3

Doe's sole argument on appeal is that because he received parole and was scheduled to be out of prison on October 22, 2010, the magistrate's conclusion that Doe would be incarcerated for a substantial period during the children's minority is no longer evident and he should be reunited with his children.[1] However, although the magistrate's finding that Doe would be incarcerated for a substantial period alone provides a basis for termination under I.C. § 16-2005(1)(e), we consider it here as merely one factor relevant to the best interest determination itself. *See State, Dep't of Health & Welfare v. Doe*, 148 Idaho 832, 840, 230 P.3d 442, 450 (Ct. App. 2010) (holding that the magistrate's decision that termination was proper because Doe would remain incarcerated for a substantial period during the children's minority could have been a basis for termination under I.C. § 16-2005(1)(e), but instead would be considered as a factor relevant to the best interest determination itself).

At the time the magistrate issued its decision, Doe had been incarcerated for two and one-half years, already a significant part of the children's lives. Although Doe is out on parole and not currently incarcerated, his sentence satisfaction date is not until 2017. The magistrate took into consideration the possibility of Doe being released from prison in making its decision, but still determined that it would be well over a year before he would be released *and* in a position to parent his children. In addition, the magistrate relied on the fact that Doe was unsuccessful after he was released from prison the last time and that the children showed improvement since entering foster care. *See In re Doe*, 142 Idaho 594, 597, 130 P.3d 1132, 1135 (2006) (holding that "past criminal behavior is certainly relevant" in the determination of whether to terminate parental rights).

The magistrate also took into consideration that Doe failed to complete his case plan. Doe argues that the sole reason he was not able to complete his case plan was because of his incarceration. However, he was not incarcerated continuously. He was out of custody for over four months, between October 2007 and March 2008, in which he failed to significantly work toward completion of his case plan. Doe's re-incarceration was a result of his actions subsequent to the case plan. Moreover, Doe failed to address his alcohol and drug problems, he never obtained steady employment, he did not obtain his own residence until almost two months after

---

[1]    Doe does not challenge the other bases upon which the magistrate found grounds for termination, including: neglect pursuant to I.C. §§ 16-2002(3)(a)-(b), and the inability to discharge parental responsibilities pursuant to I.C. § 16-2005(1)(d).

his release from prison and then failed to maintain it, and he failed to comply with the terms of his parole leading to his parole being revoked and his re-incarceration. Based on all of the evidence, it cannot be said that the magistrate's decision that termination is in the best interests of the children is not supported by substantial and competent evidence.

## IV.

## CONCLUSION

There was substantial and competent evidence to support the magistrate's decision to terminate Doe's parental rights. Accordingly, the magistrate's decree terminating Doe's parental rights to A.M. and J.S. is affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**